WILLIAM C. MANNING *vs.* THE TOWN OF WOODSTOCK.

Hartford Dist., May T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

The statute (Gen. Statutes, § 2673,) provides that no action for an injury to person or property by means of a defective road shall be maintained against any town, "unless written notice of such injury, and of the nature and cause thereof, and of the time and place of its occurrence," shall, within a time limited, be given to a selectman of the town. A notice of such an injury described its nature and cause as follows:— "The nature of said injuries being the breaking of my collar bone of my body, and destroying my clothing, the breaking of my bones being a continuing and lasting injury; all said injuries caused by said defective road, the defect consisting of a dangerous embankment." Held to be sufficient.

[Argued May 6th—decided July 10th, 1890.]

ACTION for an injury from a defective highway of the defendant town; brought to the Superior Court in Windham County. The defendant demurred to the complaint, and the court (*Prentice, J.,*) sustained the demurrer and rendered judgment for the defendant. The plaintiff appealed. The case is fully stated in the opinion in *Lilly* v. *Town of Woodstock*, the case next preceding, the two cases being alike, except a slight difference in the statements of the injuries received in the notices given to the town.

*J. H. Potter,* for the appellant.

*C. E. Searls,* for the appellee.

SEYMOUR, J. This case and that of *Lilly* v. *Town of Woodstock* were argued together and present the same questions. That part of the notice upon which the questions in this case arise is as follows:—

"To Harris May, a selectman of the town of Woodstock: On the 3d day of December, 1888, I, William C. Manning, of the town of Putnam, county of Windham and state of Connecticut, was injured in my person and property by means of a defective road in said town of Woodstock, * * * the nature of said injuries being the breaking of the collar bone of my body and destroying my clothing, the breaking of my bones being a continuing and lasting injury; all said injuries caused by said defective road, the defect consisting of a dangerous embankment. Dated at Putnam, this 26th day of December, 1888. William C. Manning, by J. H. Potter, his attorney."

The case came to this court on an appeal from the judgment of the Superior Court sustaining a demurrer to the notice as not properly setting forth the injury, the nature and cause thereof, and the time and place of its occurrence, as required by the statute.

No claim was made in the argument that the place was not properly described, but the other claims were pressed.

We think that the notice should have been held sufficient

and the demurrer overruled. The reasons given for our decision in *Lilly* v. *Town of Woodstock*, are pertinent to and decisive of this case, and need not be repeated.

There is error in the judgment appealed from.

In this opinion the other judges concurred.